UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHRISTIAN FERNANDO YANCHA-AYMACANA**,

Petitioner,

v.

**John TSOUKARIS**, Field Office Director of Enforcement and Removal Operations, NEWARK Field Office, Immigration and Customs Enforcement; **Markwayne MULLIN**, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; **Luis SOTO**, Warden of DELANEY HALL DETENTION FACILITY

Respondents.

Case No. **2:26-cv-12855-JKS**

**ORDER AND NOTICE OF VOLUNTARY DISMISSAL AND REQUEST TO DISSOLVE NO-TRANSFER ORDER**

**NOTICE OF VOLUNTARY DISMISSAL AND REQUEST TO DISSOLVE NO-TRANSFER ORDER**

Petitioner, Christian Fernando Yancha-Aymacana, through undersigned counsel, respectfully submits this Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and respectfully requests dissolution of the Court's existing no-transfer Order.

**1.** Petitioner commenced this action pursuant to 28 U.S.C. § 2241 challenging the legality of his civil immigration detention and seeking restoration of his prior release conditions or, alternatively, constitutionally adequate individualized custody review.

***2.*** Since the filing of the Petition, Petitioner's immigration proceedings have materially changed. On October 21, 2026, the Elizabeth Immigration Court ordered Petitioner removed to Ecuador. Petitioner expressly waived appeal, and the Department of Homeland Security likewise waived appeal. A copy of the Immigration Judge's Order is attached as ***Exhibit A***.

**3.** Petitioner has made the informed decision not to challenge that removal order and affirmatively wishes to permit DHS to effectuate his removal from the United States as promptly as permitted by law. Accordingly, the detention relief originally sought through this habeas proceeding no longer accords with Petitioner's present objective.

**4.** Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a petitioner to voluntarily dismiss an action before the opposing party serves either an answer or a motion for summary judgment. The Third Circuit has emphasized that a timely notice under Rule 41(a)(1)(A)(i) is self-executing and terminates the action without the necessity of further judicial action. *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165–66 (3d Cir. 2008).

**5.** Petitioner therefore voluntarily dismisses this habeas corpus proceeding **without prejudice** pursuant to Rule 41(a)(1)(A)(i).

**6.** Petitioner further respectfully requests that the Court immediately dissolve its existing Order prohibiting Respondents from transferring Petitioner outside the State of New Jersey. The purpose of that interim relief was to preserve this Court's ability to adjudicate Petitioner's challenge to his detention while this habeas proceeding remained pending. That purpose no longer exists upon Petitioner's voluntary dismissal of this action.

**7.** More importantly, maintaining the no-transfer restriction may now impede rather than protect Petitioner's interests. Petitioner has been informed that the pendency of this habeas proceeding is preventing DHS from proceeding with the steps necessary to effectuate his removal. Petitioner does not seek to prevent such transfer or removal. To the contrary, he expressly wishes to permit DHS to undertake any lawful transfer necessary to execute the October 21, 2026 removal order.

**8.** Petitioner therefore expressly confirms that he **does not seek a stay of removal, an injunction against removal, or any other judicial relief preventing DHS from executing his final removal order**. Nothing in this dismissal is intended to prevent DHS from transferring Petitioner as necessary to effectuate that removal.

**9.** Dissolution of the no-transfer Order is therefore appropriate because the underlying habeas action is being voluntarily dismissed and the interim restriction no longer serves the purpose for which it was entered.

## CONCLUSION

**10.** For the foregoing reasons, Petitioner respectfully:

**A.** Voluntarily dismisses this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i);

**B.** Requests that the Court immediately dissolve its existing Order prohibiting Petitioner's transfer outside the State of New Jersey;

**C.** Confirms that he does not seek to stay or otherwise prevent execution of his October 21, 2026 final order of removal; and

**D.** Respectfully requests that the Clerk close this matter.

Respectfully submitted,

DATED this 27th of October 2026.

/s/Liliana L Quiroz
*Attorneys for Petitioner*

**The Clerk of the Court is directed to CLOSE this matter.**

**SO ORDERED.**

***/s/ Jamel K. Semper***
**Hon. Jamel K. Semper**
**U.S. District Judge**

**Dated: October 28, 2026**